IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 5:20-CV-142-FL |
| v. | ) ) | |
| R421A LLC; RMS OF GEORGIA, LLC d/b/a Choice Refrigerants; KENNETH M. PONDER; and LENZ SALES & DISTRIBUTING, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
CLARIFICATION/RECONSIDERATION OF
AMENDED CLAIM CONSTRUCTION [DOC. 300]**

# TABLE OF AUTHORITIES

**Cases**

*Am. Canoe Ass'n v. Murphy Farms, Inc.*,
   326 F.3d 505 (4th Cir. 2003) .................................................................................. 5

*Bicon, Inc. v. Straumann Co.*,
   441 F.3d 945 (Fed. Cir. 2006) ................................................................................6, 8

*Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*,
   460 F.3d 1349 (Fed. Cir. 2006) ................................................................................ 7

*Global Traffic Techs., LLC v. Emtrac Sys.*,
   No. 10-4110 ADM/JJG, 2012 U.S. Dist. LEXIS 96866 (D.Minn. July 13, 2012) ...................... 7

*Intel Corp. v. Qualcomm Inc.*,
   21 F.4th 801 (Fed. Cir. 2021) .................................................................................. 6

*Merck & Co. v. Teva Pharms. USA, Inc.*,
   395 F.3d 1364 (Fed. Cir. 2005) ................................................................................ 6

*Messagephone, Inc. v. Svi Sys.*,
   Nos. 99-1471, 99-1478, 2000 U.S. App. LEXIS 19976 (Fed Cir 2000) ..................................... 6

*RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*,
   326 F.3d 1255 (Fed. Cir. 2003) ................................................................................ 7

*SimpleAir, Inc. v. Sony Ericsson Mobile Communs. AB*,
   820 F.3d 419 (Fed. Cir. 2016) .................................................................................. 6

*Stumbo v. Eastman Outdoors, Inc.*,
   508 F.3d 1358 (Fed. Cir. 2007) ...............................................................................6, 8

*Wasica Finance GmbH v. Continental Automotive Systems, Inc.*,
   853 F.3d 1272 (Fed. Cir. 2017) ................................................................................ 6

**Rules**

Fed. R. Civ. P. 54(b) ........................................................................................................ 5

Pursuant to Fed. R. Civ. P. 54(b), Defendants R421A LLC, RMS of Georgia, LLC (d/b/a Choice Refrigerants), and Kenneth M. Ponder (collectively, "RMS"), hereby move the Court for clarification and/or reconsideration of the Court's Order regarding claim construction [Doc. 300] (the "Amended Claim Construction Order") with respect to construction of the term "refrigerant gases".

## I. INTRODUCTION

RMS acknowledges that it is highly unusual for a court to receive motions from each party seeking clarification/reconsideration of a claim construction, particularly where the Court has previously expressed a clear technical understanding of the claim term at issue. However, RMS believes that the Court, in an effort to provide maximum clarity to the term "refrigerant gases," has construed the term to include a separate limitation that is reflected in other claim language immediately following the term "refrigerant gases," and therefore has committed an inadvertent error. Specifically, the Court has narrowed the broad term "refrigerant gases" in a manner not supported by the plain language of the patent. The Court's construction renders this subsequent language (regarding the chemical compounds tetrafluoroethane and pentafluoroethane) superfluous and meaningless when recited later in the claim, and it improperly excludes a plethora of additional refrigerant compounds that are properly considered "refrigerant gases". RMS is concerned that this error carries significant risk of a successful appeal following the adjudicated resolution of this case in favor of *either* party.

Therefore, although RMS is reluctant to burden the Court with an additional request for reconsideration, it is compelled to bring this motion to correct a misconstruction that could have the very unfortunate consequence of forcing a retrial of this case – an outcome that benefits neither party and places significant burden upon the Court. For the reasons set forth below, the Court's amended

construction of the term "refrigerant gases" should be slightly modified to RMS' newly proposed construction, "refrigerant components that form part of the refrigerant composition."

## II. BACKGROUND

This Motion relates to the Court's Amended Claim Construction Order [Doc. 300], which issued on May 12, 2023. In its original claim construction Order, dated September 17, 2021 (the "Original Markman Order"), the Court construed the claim term "refrigerant gas" to mean "combination of refrigerant components in the refrigerant composition that are neither liquid nor solid." [Doc. 189]. The Court reasoned that the plain language of the term and the context in which it appears in the patents generally supported RMS' proposed construction, "combination of refrigerant components in the refrigerant composition," and emphasized the importance of distinguishing between components that are refrigerants and those that are not. [*Id.*, p. 11]. The Court added a portion of Dynatemp's proposed construction, "that are neither liquid nor solid," to the end of RMS' proposed construction in a stated attempt to give additional context to the term "gas," but specifically declined to include the Dynatemp Parties' proposed language, "at standard temperature (68°) and pressure (one standard atmosphere)," explaining that "[n]othing in the language of the claim terms or specification requires this limitation". [*Id.*]

The Dynatemp Parties subsequently filed a Motion for Clarification/Reconsideration [Doc. 214] on September 6, 2022, which pointed out that the term "refrigerant gas" did not actually appear in the claims at issue, but rather, only the term "refrigerant gases" (plural), and urged the Court to wholly abandon its construction and adopt the Dynatemp Parties' previously proposed construction of the term, specifically, "refrigerants that are neither liquid nor solid at standard temperature (68°F) and pressure (one standard atmosphere)." [Doc. 215, p. 30]. On March 16, 2023, while the Dynatemp Parties' Motion for Clarification/Reconsideration and several other motions were pending, the Court

ordered a stay of discovery deadlines, pending the resolution of the various motions that were then under consideration by the Court. [*See* March 16, 2023, Text Order].

The Court ruled on the Dynatemp Parties' Motion for Clarification/Reconsideration in the Amended Claim Construction Order, issued on May 12, 2023, which, in relevant part, amended the Court's previous construction of the claim term "refrigerant gases". The Court explained that it still agreed generally with RMS regarding construction of this term, in that the patents expressly provided the proper construction of "refrigerant gases" as a "combination of refrigerant components in the refrigerant composition" to distinguish them from the "nonrefrigerant gas components" of the claimed invention, such as lubricating oil. [*See* Doc. 300, p. 8.]. However, the Court included an additional limiting clause in its amended construction that had not been advocated by either party, construing the term to mean "a combination of refrigerant components, specifically a blend of tetrafluoroethane and pentafluoroethane, that form part of the refrigerant composition." [*Id.*, p. 10]. It is this addition of "specifically a blend of tetrafluoroethane and pentafluoroethane" that is the basis for the problems identified herein.

The Amended Claim Construction Order also lifted the pending stay of discovery deadlines and directed the parties to confer and file a jointly proposed order setting forth new case management deadlines. [*Id.*, p. 25]. The parties did so on June 9, 2023, [*see* Doc. 303], and on June 12, 2023, the Court adopted the parties' proposed deadlines, [*see* Doc. 314]. Almost immediately after that, the parties began to question the amended construction of "refrigerant gases". The Dynatemp Parties' lead counsel first e-mailed RMS's lead counsel regarding his confusion about the construction on June 21, 2023:

> Please take a look at the Court's new claim construction. Do you read it to require a combination of a combination? Many claims require "a combination of refrigerant gases." The Court construed "refrigerant gases" to mean "a combination of refrigerant components . . .." If the Court's construction is literally plugged into the claim, it would read "a combination of a combination of refrigerant components....

Ex. A, June 21, 2023, email from J. Trembath.[1]

Lead counsel subsequently corresponded and met in person on two occasions over the summer, discussing the potential for settlement of this case, the amended construction of "refrigerant gases", and various discovery disputes that had not been addressed by the parties while discovery was stayed. Given the breadth and urgency of those discovery disputes (which ultimately required referral to Magistrate Judge Robert T. Numbers II for resolution, and many of which remain pending) and the potential for settlement at the time (which would moot the issue), RMS did not believe it a prudent use of the Court's time to prematurely request a second reconsideration of the Court's claim construction. Additionally, RMS understood the Dynatemp Parties' confusion regarding the construction of "refrigerant gases" to indicate that the parties would likely file a joint motion to address the issue if it became necessary.

Unfortunately, settlement discussions between the parties have reached an impasse at present, necessitating the instant Motion. Further, on September 15, 2023, the Dynatemp Parties' lead counsel informed RMS that they no longer shared RMS's concern regarding the construction of "refrigerant gases". *See* Ex. B, September 15 email from J. Trembath. RMS therefore brings this motion unilaterally.

## III. LEGAL STANDARD

As the Court noted in its Order of May 12, 2023, Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the

---

[1] RMS acknowledges the redundancy that is the subject of this "combination of a combination" concern, and has addressed it in RMS's newly proposed construction of "refrigerant gases," which (in relevant part) deletes the phrase "a combination of" from the beginning of the Court's current construction. Under RMS's proposed construction, the claims referenced by Mr. Trembath would require "a combination of [refrigerant components that form part of the refrigerant composition]…."
4

claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Resolution of a motion to reconsider is "committed to the discretion of the district court," bearing in mind that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Id*.

## IV. ARGUMENT

In the Amended Claim Construction Order, the Court explained that its prior construction of "refrigerant gases" was in error because the Parties proposed the term "refrigerant gases" (plural) for construction rather than "refrigerant gas" (singular), and because the plain language of the patent and the context of "refrigerant gases" in the claims compels a construction consistent with that proposed by RMS. [Doc. 300, p. 6]. Although the Court's underlying reasoning in the Amended Claim Construction Order was generally consistent with its rationale in its Original Markman Order, the Court's amended construction introduces new problems. First, applied as so written, it renders subsequent claim language meaningless and superfluous. Second, the amended construction excludes a wide range of refrigerants that are properly considered "refrigerant gases," in that they would achieve a liquid/gas phase change within the refrigeration systems at issue. As set forth below, the Court should amend its construction of the term "refrigerant gases" to, "refrigerant components that form part of the refrigerant composition."

### A. The Amended Claim Construction Renders Subsequent Claim Language Superfluous

"A claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so." *Merck & Co. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005).

The Federal Circuit has long held that it is "highly disfavored to construe terms in a way that renders them void, meaningless, or superfluous." *Wasica Finance GmbH v. Continental Automotive Systems, Inc.*, 853 F.3d 1272, 1288 n.10 (Fed. Cir. 2017) (citing *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950-51 (Fed. Cir. 2006) (refusing to construe claim terms in a way that made other limitations meaningless)); *see also SimpleAir, Inc. v. Sony Ericsson Mobile Communs. AB*, 820 F.3d 419, 429 (Fed. Cir. 2016) ("interpretations that render some portion of the claim language superfluous are disfavored") (internal quotation omitted); *Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1362 (Fed. Cir. 2007) (refusing to adopt construction that rendered other claim terms superfluous); *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 801, 810 (Fed. Cir. 2021). Significantly, a failure to give effect to all claim terms can result in reversal upon appeal. *See*, *e.g.*, *Messagephone, Inc. v. Svi Sys.*, Nos. 99-1471, 99-1478, 2000 U.S. App. LEXIS 19976, *25 (Fed. Cir. 2000) (vacating a jury's findings and remanding for retrial in part because "the Special Master's claim construction is overly broad because it renders the claim term 'billing information' redundant").

In all affected claims at issue here, the claim language in question, a "refrigerant composition comprising a combination of refrigerant gases," is immediately followed by a limitation specifying "said refrigerant gases consisting of a blend of tetrafluoroethane and pentafluoroethane." [See Doc. 131-1 (the "'179 Patent"), Claims 21, 26, and 31; Doc. 131-2 (the "'706 Patent"), Claims 1, 9, and 17; and Doc. 131-3 (the "'949 Patent"), Claims 1, 5, 6, 7, 11, 13, 14, 16, and 18]. This "consisting of" limitation only has meaning if "refrigerant gases" is given a broader meaning and is not by definition already limited to tetrafluoroethane and pentafluoroethane. *See Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1360 (Fed. Cir. 2006) ("consisting of" is a term of art in patent law that "signifies restriction and exclusion of unrecited steps or components"); *Global Traffic Techs., LLC v. Emtrac Sys.*, No. 10-4110 ADM/JJG, 2012 U.S. Dist. LEXIS 96866, *24 (D.Minn. July 13, 2012) (rejecting proposed claim language where "[t]he remainder of [the] proposed construction

tracks language already in [the patent claim at issue], thereby rendering it redundant and unnecessary.").

Put differently, inserting the Court's amended construction into the "consisting of" claim language in lieu of the term "refrigerant gases" would cause the claims to read, "said [combination of refrigerant components, specifically *a blend of tetrafluoroethane and pentafluoroethane*, that form part of the refrigerant composition] consisting of *a blend of tetrafluoroethane and pentafluoroethane*." This substitution is obviously redundant and, in addition to being likely to confuse the jury, has the effect of reading out and rendering superfluous the "consisting of" limitation of the claim, thereby stripping that limitation of any meaning. *See RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1263 (Fed. Cir. 2003) (rejecting district court's claim construction that "rendered redundant or meaningless" other claim limitations).

**B. The Amended Claim Construction Incorrectly Excludes Numerous Other Refrigerant Gases**

As so written, the Court's amended claim construction also incorrectly limits the entire universe of "refrigerant gases" to only two chemical compounds: tetrafluoroethane and pentafluoroethane. However, these are only two of a countless number of refrigerant gases. As discussed in Section IV(A), *supra*, it is the subsequent "consisting of" limitation that narrows this larger universe of refrigerant gases to the tetrafluoroethane/pentafluoroethane blend claimed in the Patents-in-Suit, not the term "refrigerant gases" itself.

Notably, neither party's briefing advocated for limiting the term "refrigerant gases" to these two specific gases. In fact, in distinguishing refrigerant gases from liquid refrigerants in their own Motion for Clarification/Reconsideration, the Dynatemp Parties included an abbreviated table giving examples of refrigerant gases, denoted as "Class II" (as opposed to Class I for liquids), including not only R-125 (pentafluoroethane) and R-134a (tetrafluoroethane), but R-22 as well. [Doc. 215, p.

16.].² Reviewing the document referenced by the Dynatemp Parties, AHRI Guideline N-2017, reveals dozens of other such Class II (gas) refrigerants, including R-12, R-114, R-124, R-236fa, R-401A, R-401B, R-401C, R-402A, R-402B, R-403B, R-404A, R-407A, R-407C, R-407D, R-407F, R-408A, R-409A, R-410, R-413A, R-414A, and many more. [Doc. 216-11, p. 7-12 (p. 3-4 of the document).]. The limitation "specifically a blend of tetrafluoroethane and pentafluoroethane" in the Court's amended claim construction would read out all of these other well-known refrigerant gases, in addition to chlorodifluoromethane (R-22 or Freon), which is specifically identified as a refrigerant gas in the abstract, background, and summary of the present invention of each of the Patents-in-Suit. *See Bicon*, 441 F.3d at 951 (refusing to construe a claim in a manner that, in addition to rendering limitations meaningless, would be contrary to the specification); *Stumbo*, 508 F.3d at 1362 ("the specification is the single best guide to the meaning of a disputed term"); *see also* '179 Patent, 1:38-3:19 (discussing general background regarding historic use of R-22); '706 Patent, 1:32-3:15 (same); '949 Patent, 1:44-3:28 (same).

The Patents-in-Suit also clearly contemplated, and indeed specifically named, various other known refrigerant gases including difluoromethane (found in R410A), butane (found in R417), and difluoromethane (found in R407C). [*See* '179 Patent, 2:36-45; '706 Patent, 2:31-41; and '949 Patent, 2:43-52]. Accordingly, the construction of the term "refrigerant gases" must be broader than just tetrafluoroethane and pentafluoroethane, as the universe of "refrigerant gases" must necessarily encompass a much wider scope of refrigerants.

---

² The Dynatemp Parties cited this information in support of their assertion that the term "refrigerant gases" should carry a limitation regarding temperature and pressure that is unsupported by the plain language of the Patents-in-Suit. RMS still vehemently rejects the Dynatemp Parties' position, but this data is nevertheless instructive of Dynatemp's general understanding that tetrafluoroethane and pentafluoroethane are not the *only* refrigerant gases.

The Dynatemp Parties previously argued that "refrigerant gases" should only include refrigerants that are gases at 68°F and one atmosphere of pressure. [Doc. 215, p. 30]. The Court correctly rejected this proposal as unsupported by the Patents-in-Suit. Unfortunately, despite the Court's efforts to avoid imposing the Dynatemp Parties' improperly narrow limitation on the claims, the Court's amended construction has impermissibly narrowed the universe even further in the wrong direction and should be corrected.

### C. RMS' Proposed Construction Resolves the Plurality Issues and Avoids Redundancy

The Court's Original Markman Order expressed some lingering concern that RMS' originally proposed construction "reads the 'gases' limitation out of the claims," but the Court correctly concluded on reconsideration that it did not. [Doc. 300, p. 9]. The Court correctly noted that the term "refrigerant gases" is intended to distinguish the claimed components from the other (non-refrigerant) components of a refrigerant composition, such as lubricating oil [*Id.*]. The Court also correctly reiterated that the term "refrigerant gases" was *not* intended to be limited to refrigerants that are gaseous at standard temperature (68°F) and pressure (one standard atmosphere). [*Id.*, p. 11]. The Court stated that its amended claim construction "is consistent with the construction proposed by the RMS parties at claim construction hearing." [*Id.*, p. 12]. RMS' position in its Opening Claim Construction Brief [Doc. 153, pp. 19-20] and later in its Response to the Dynatemp Parties' Motion for Clarification/Reconsideration of Markman Order [Doc. 251, p. 13], was that the claim language is intended to specifically contemplate a blend of refrigerants that can undergo a phase change to become a gas at some point in an R-22 refrigeration system.

Given the Court's prior findings, RMS' proposed construction does breathe life into the term "gases," as set forth above. The term "gases" requires that the blend of refrigerant components must be adapted for use in (*i.e.*, *must become a gas at some point in*) an R-22 system. Not all refrigerants, or blends of refrigerants, have physical properties rendering them suitable to undergo a liquid/gas

phase change in an R-22 refrigeration system. Thus, the term "gases" functions to exclude those refrigerants which, in an R-22 system, would not undergo such a phase change.

As stated above, the current amended claim construction is problematic because it would have the following effect on the claims:

> Incorrect Construction
>
> "said [combination of refrigerant components, specifically *a blend of tetrafluoroethane and pentafluoroethane*, that form part of the refrigerant composition] consisting of *a blend of tetrafluoroethane and pentafluoroethane*."

This redundancy will be resolved by amending the claim construction of "refrigerant gases" to "refrigerant components that form part of the refrigerant composition" as proposed by RMS:

> Correct Construction
>
> "said [refrigerant components that form part of the refrigerant composition] consisting of a blend of tetrafluoroethane and pentafluoroethane."

RMS' proposed construction will avoid the foregoing narrowing and redundancy problems while remaining in direct alignment with the Court's underlying understanding as set forth in its Amended Claim Construction Order.

## V. CONCLUSION

For the foregoing reasons, RMS respectfully requests that the Court reconsider and modify its amended claim construction for the term "refrigerant gases" to be "refrigerant components that form part of the refrigerant composition".

Respectfully submitted, this 20th day of October, 2023.

/s/ Joseph W. Staley


Joseph W. Staley (Ga. Bar No. 142571)
(Admitted pro hac vice)
Scott P. Amy (Ga. Bar No. 141416)
(Admitted pro hac vice)
Andrea P. Nguyen (Ga. Bar No. 306931)
(Admitted pro hac vice)
Andrew J. Wilson (Ga. Bar No. 737599)
(Admitted pro hac vice)

PERILLA KNOX & HILDEBRANDT LLP
44 Milton Ave, Suite 144
Alpharetta, GA 30009
Telephone: (770) 927-7802
Facsimile: (877) 389-6779
j.staley@pkhip.com
a.nguyen@pkhip.com
a.wilson@pkhip.com
s.amy@pkhip.com


/s/ T. Cullen Stafford

T. Cullen Stafford (NC State Bar No. 48872)
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: 919.781.4000
Facsimile: 919.781.4865
cstafford@wyrick.com
cgeorge@wyrick.com

*Counsel for Defendants RMS of Georgia LLC, R421A LLC, and Kenneth M. Ponder*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.2(f)(3), the undersigned counsel certifies that the foregoing DEFENDANTS' MOTION FOR CLARIFICATION/RECONSIDERATION OF AMENDED CLAIM CONSTRUCTION [DOC. 300] complies with the word limit set forth in Local Civil Rule 7.2(f)(3)(A). The total word count of this Motion and Memorandum is <u>3140.</u>

Date: October 20, 2023.

<u>*/s/* Joseph W. Staley</u>
Joseph W. Staley
Georgia Bar No. 142571

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of October, 2023, the foregoing was filed using the Court's CM/ECF system, which will send notice to all counsel of record.

                                              /s/ Joseph W. Staley

                                              Joseph W. Staley
                                              *Attorney for Defendants RMS of*
                                              *Georgia LLC, R421A LLC, and*
                                              *Kenneth M. Ponder*