IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-142-FL

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.;<br>FLUOROFUSION SPECIALTY<br>CHEMICALS, INC.; HAROLD B.<br>KIVLAN, IV; WILLIAM GRESHAM;<br>and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | ORDER |
| v. | ) ) | |
| R421A, LLC; RMS OF GEORGIA, LLC,<br>d/b/a Choice Refrigerants; KENNETH M.<br>PONDER; and LENZ SALES &<br>DISTRIBUTING, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on defendants' motion for reconsideration of the court's claim

construction order (DE 335). The motion has been briefed fully and the issues raised are ripe for

ruling. For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

The court briefly recounts procedural history pertinent to the issues now under consideration

in this consolidated case concerning refrigerant products.

Plaintiffs (collectively, "Dynatemp") filed their operative second amended complaint April

14, 2021, jointly asserting claims against defendants for false advertising, common law unfair

competition, and unfair and deceptive trade practices. Dynatemp also asserts claims against

defendants for defamation, tortious interference with prospective economic advantage, breach of

contract, and unjust enrichment.

On April 22, 2021, defendants (collectively, "RMS") filed their operative second amended complaint,[1] asserting claims of patent infringement, induced infringement, and contributory infringement against Dynatemp. RMS claims that Dynatemp market a refrigerant product, Dynatemp 421A, that infringes upon three patents: U.S. Patent No. 9,982,179; U.S. Patent No. 8,197,706; U.S. Patent No. 10,703,949 (the "179 patent," the "706 patent," the "949 patent," collectively, "the patents").

The patents, each entitled "Refrigerant with Lubricating Oil for Replacement of R22 Refrigerant," are directed to an apparatus and method for substituting ozone layer-damaging chlorodifluoromethane ("CFE") with two less environmentally damaging refrigerants, pentafluoroethane (R-125) ("PFE") and tetrafluoroethene (R-134a) ("TFE"), in CFE-based-air-cooling systems. The patents share virtually identical specifications, and the claims of the patents include many overlapping claim terms.

The parties agreed on construction of most claim terms in 2021, leaving just one for the court's construction: "refrigerant gases." (See Order (DE 189) ("189 Order") 9–14). The court entered order construing that term September 17, 2021, (id.), and then amended its construction May 12, 2023. As amended, "refrigerant gases" is construed as "a combination of refrigerant components, specifically a blend of [TFE] and [PFE], that form part of the refrigerant composition." (See Order (DE 300) ("300 Order") 10).

RMS now moves for reconsideration of this construction, contending that it introduces an improper redundancy into the patents. Dynatemp opposes reconsideration but contends that, if the

---

[1]     Their original complaint was filed in the separate action, commenced April 8, 2020, as 421A LLC v. Dynatemp International, Inc. et al., No. 5:20-CV-147-FL (E.D.N.C.), then consolidated October 23, 2020. For purposes of differentiating the opposing parties to this order, the court retains the party designations as specified in the caption of this order, recognizing that the parties' designations per the operative complaints will differ.

court elects to reconsider, it should adopt Dynatemp's proposed construction, not RMS's.  RMS has replied, and the court held  hearing on the motion February 23, 2024.  The issues raised are now ripe for ruling.

## COURT'S DISCUSSION

A.    Standard of Review

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Thus, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment.  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).  Resolution of a motion to reconsider is "committed to the discretion of the district court," bearing in mind that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law."  Id.

B.    Analysis

RMS contends that the court's current construction produces superfluity, which is strongly disfavored in patent construction.  The court agrees.  However, Dynatemp argues that RMS's proposed construction creates other problems, among them erasing any substantive meaning from the term at issue.  The court again agrees.  Upon its further, considered review, the court adopts a new construction derived from the 300 Order, which avoids these two issues while hewing closely to the rest of the court's prior construction and its underlying logic.

The cardinal principle around which both parties' positions revolve is that patent constructions that create superfluity or meaninglessness are "highly disfavored."  Wasica Fin. GmbH v. Continental

Case 5:20-cv-00142-FL-RN   Document 409   Filed 03/27/24   Page 3 of 8

_Auto. Sys., Inc._, 853 F.3d 1272, 1288 n.10 (Fed. Cir. 2017); see, e.g., _Bicon, Inc. v. Straumann Co._, 441 F.3d 945, 950–51 (Fed. Cir. 2006); _Power Mosfet Techs, LLC v. Siemens AG_, 378 F.3d 1396, 1410 (Fed. Cir. 2004). The parties' arguments therefore involve two interpretative concerns: 1) avoiding superfluity, and 2) maintaining a meaningful distinction between "refrigerants" and "refrigerant gases."

First, RMS's primary argument, that the court's current construction creates superfluity, is sound. The current construction for "refrigerant gases" is "a combination of refrigerant components, specifically a blend of [TFE] and [PFE], that form part of the refrigerant composition." (300 Order 10).[2] However, the language of the patent reads "the refrigerant composition comprising a combination of refrigerant gases, said refrigerant gases consisting of a blend of [TFE] and [PFE][.]" (See 706 Patent (DE 30-2) 10:10–15).[3]

Placing the court's construction into the patent language therefore produces superfluity, by creating sentences, with the court's inserted construction underlined, such as "the refrigerant composition comprising a combination of refrigerant components, specifically a blend of [TFE] and [PFE], that form part of the refrigerant composition, said refrigerant components, specifically a blend of [TFE] and [PFE], that form part of the refrigerant composition consisting of a blend of [TFE] and [PFE][.]" (See id.).

Thus, the part of the court's construction specifying TFE and PFE creates superfluity by rendering the immediately following sentence, which specifies exactly these two chemicals,

---

[2]     The parties agreed at the hearing that the words "a combination of" at the beginning of the construction were redundant, so the court will remove those words without further discussion.

[3]     All citations to the patents in this order reference the pages and lines on the patents' faces.

4

redundant. The court therefore agrees with RMS that this portion of the construction must be removed or amended.

The court also concludes that its prior ruling on this issue constitutes a "clear or manifest error of law," which permits revision of the court's prior construction order under the Rule 54 standard. See Murphy Farms, Inc., 326 F.3d at 514.

However, the court also agrees with Dynatemp's point that RMS's proposed new construction, "refrigerant components that form part of the refrigerant composition," lacks any content, produces circularity, and erases any distinction between "refrigerant gases" and a larger category of "refrigerants." (See Dynatemp Br. (DE 346) 14–19).[4]

As Dynatemp argues, RMS's construction would produce phrases such as, with RMS's inserted construction underlined: "the refrigerant composition comprising a combination of refrigerant components that form part of the refrigerant composition, said refrigerant components that form part of the refrigerant composition consisting of a blend of [TFE] and [PFE][.]" (See 706 Patent 8; Dynatemp Br. 14–15). Such construction is circular and removes any content from the disputed term. In addition, the court has recognized that "refrigerant gases" is a subset of "refrigerants," (see 300 Order 11), but RMS's construction lacks any narrowing content and thus erases the distinction between "refrigerants" and "refrigerant gases." The court therefore concludes that RMS's construction cannot be correct, because it erases any content underlying the disputed term, making it redundant and meaningless.

Finally, the court rejects Dynatemp's own proposed construction, which Dynatemp advances in its opposition brief. (See Dynatemp Br. 25–28). The court has already rejected this construction

---

[4] The court rejects Dynatemp's argument that RMS waived its proposed construction, because the portion RMS challenges was introduced by the court sua sponte. RMS therefore could not have argued against it in the previous round of construction briefing.

5

as unsupported by the patents' text twice.  (See 189 Order 11–13; 300 Order 11).  The court does so again here.

Thus, the court is left with a situation in which its prior construction, and both parties' proposed constructions, are incorrect.  In this situation, the court turns to language from its prior construction order which avoids superfluity concerns, and which deviates the minimum necessary from the current construction: "refrigerant gases" are "refrigerant components with a temperature and pressure profile resembling that of [CFE] that form part of the refrigerant composition[.]"  (See 300 Order 11).  The instant construction has four virtues: 1) it does not create any superfluity; 2) the patents make sense with that language inserted; 3) it preserves a distinction between "refrigerants" and "refrigerant gases"; and 4) it aligns with the court's prior construction, which is largely based on RMS's proposed construction, and deviates only the minimum necessary to avoid superfluity.

First, this construction removes any superfluity concerns.  The court's prior construction includes a limitation that refrigerant gases are only PFE or TFE, which immediately precedes an identical limitation in the patents' texts, which is therefore rendered redundant.  Because the instant construction lacks that limitation, it avoids creating "highly disfavored" superfluity.  E.g., Wasica Finance GmbH, 853 F.3d at 1288 n.10.  The instant construction, when read alone, leaves the door open on other types of refrigerant gases than TFE and PFE, so long as they chemically mimic CFE, and the patents' next sentence then cuts that range down to just those two named chemicals.  This is consistent with the patents' texts, by recognizing that each patent explicitly names three other gases that function in CFE systems, namely CFE, difluoromethane, and butane, and therefore allowing the patents' textual limitations to TFE and PFE to perform a function.  (See 179 Patent (DE 30-1) 2:36–45; 706 Patent 2:31–41; 949 Patent (DE 30–3) 2:43–52).  This construction therefore avoids RMS's

concern that the current construction incorrectly limits the scientific universe of refrigerant gases to just TFE and PFE. (See RMS Br. (DE 336) 10).

Second, the patents make sense with the instant construction inserted. Inserting this construction produces phrases such as the below example drawn from the 179 patent. The construction is in brackets, with the nested construction of "refrigerant composition" in underlined brackets; it produces comprehensible sentences such as:

> What is claimed as the invention is: [i]n an apparatus designed for use with [CFE] refrigerant, the improvement comprising substituting the [CFE] with a refrigerant composition designed to achieve a phase change, the refrigerant composition comprising a combination of [refrigerant components with a temperature and pressure profile resembling that of [CFE] that form part of the [composition including two or more refrigerants]], said [refrigerant components with a temperature and pressure profile resembling that of [CFE] that form part of the [composition including two or more refrigerants]] consisting of a blend of [TFE] and [PFE] . . . ."

(See 179 Patent 10:1–10).

The instant construction therefore does not yield elegant prose, but it includes a substantive/content-specifying phrase and therefore does not suffer from the circularity which plagues RMS's formally proposed new construction.

Third, for the same reasons, the instant construction preserves a distinction between "refrigerants" and "refrigerant gases."

Fourth, this construction aligns with the court's prior reasoning. The court recognized in the 300 Order that "refrigerants" are a broad category of substances, used in "a" refrigeration system, and that the term "refrigerant gases" is distinguishable from the term "refrigerant" in the way that a square can be distinguished from a rectangle: refrigerant gases are refrigerants, but not all refrigerants are refrigerant gases. (300 Order 11). The instant construction adheres to this logic, and also includes most of the language from the court's prior construction; it makes only the minimal change necessary

to avoid superfluity by drawing from language the court has already pronounced, while hewing as close as possible to the court's prior language and reasoning.

The court therefore adopts the following construction for "refrigerant gases":

"refrigerant components with a temperature and pressure profile resembling that of [CFE] that form part of the refrigerant composition"

## CONCLUSION

For the forgoing reasons, RMS's motion for reconsideration (DE 335) is GRANTED in part and DENIED in part. The motion is granted insofar as it asks the court to reconsider its prior construction of "refrigerant gases"; it is denied insofar as it asks the court to adopt RMS's proposed construction of that term. Insofar as Dynatemp's response brief (DE 346) can be read as a motion to reconsider asking the court to adopt Dynatemp's own construction, that motion is denied.

SO ORDERED, this the 27th day of March, 2024.


_____
LOUISE W. FLANAGAN
United States District Judge