IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-142-FL

| | | |
|---|---|---|
| DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; and DAVID COUCHOT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| R421A, LLC; RMS OF GEORGIA, LLC, d/b/a Choice Refrigerants; KENNETH M. PONDER; and LENZ SALES & DISTRIBUTING, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to compel production of documents and information subject to plaintiffs' advice of counsel waiver (DE 349). The motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, defendants' motion is denied.

**COURT'S DISCUSSION**

At the outset, the court assumes familiarity with the factual and procedural background of this case, and incorporates by reference its discussion of the same presented in its March 27, 2024, order on defendants' motion for reconsideration. In the instant motion, defendants seek the court to order plaintiffs to produce unredacted copies of all written legal opinions on which plaintiffs rely in opposing claims of patent infringement, together with associated documents and information, of or relating to communications between plaintiffs' former trial counsel, Robert J. Morris ("Morris"), and plaintiffs.

Patent law provides enhanced damages in cases in which the accused infringer acted willfully. In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007), overruled on other grounds by Halo Electronics, Inc. v. Pulse Electronics, Inc., 579 U.S. 93 (2016). Because enhanced damages therefore depend on the accused infringer's state of mind, alleged willful infringers commonly advance an advice of counsel defense (an "advice defense"). Seagate, 497 F.3d at 1369. Under this defense, an accused infringer tries to establish that its alleged infringement was in good faith because it relied upon the advice of counsel that the patent at issue was invalid, unenforceable, and/or not infringed. Id.

Once a party announces that it will advance an advice defense on one or more of these theories, that party waives attorney-client privilege over all other "communications relating to the same subject matter." In re EchoStar Commc'ns Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006).[1] The parties' present disagreement revolves around whether certain communications "relat[e] to the same subject matter" as plaintiffs' defense. Id.

Plaintiffs have asserted an advice defense based on invalidity of the patents at issue. (See Pls' Br. (DE 359) 4; see generally Defs' Br. (DE 350) Ex. C (DE 351); id. Ex. A (DE 350-1); id. Ex. B (DE 350-2)).[2] Plaintiffs acknowledge that the opinion at issue also discusses infringement issues behind plaintiffs' redactions. (See Defs' Br. Ex. G (DE 350-4) 5). The parties therefore agree that plaintiffs have waived privilege over communications related to invalidity of the patents, (see Pls' Br. (DE 359) 2), but defendants argue that such waiver should extend also to communications on infringement, on grounds that these matters are discussed behind redactions in the same opinion of

---

[1] Scope of waiver in these circumstances is a matter of substantive patent law, so Federal Circuit precedent controls. Echostar, 448 F.3d at 1298.

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

2

counsel, and because waiver on one defense requires waiver on all willful infringement defenses. (See Defs' Br. (DE 350) 4). Defendants also argue that plaintiffs improperly have refused to produce 1) communications from the entire period of infringement; and 2) communications between opinion counsel, trial counsel, and plaintiffs. (Id. (DE 350) 4–5). The court addresses each issue in turn.

1. Subject Matter Waiver

Defendants argue that plaintiffs' waiver of privilege on invalidity also operates on all other defenses, such as non-infringement. Plaintiffs contend that waiver is limited to invalidity. The court agrees with plaintiffs.

There is no "bright line test" to determine the subject matter of a waiver; instead, courts weigh the circumstances of the disclosure, the nature of the advice sought, and the prejudice to the parties of requiring or prohibiting further disclosures. Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1349–50 (Fed. Cir. 2005).

Courts interpreting Fort James and Echostar's broad language have splintered on whether presenting an advice defense under one theory, such as infringement, waives privilege only as to that specific theory, or as to all other theories, such as invalidity and unenforceability. See Autobytel, Inc. v. Dealix Corp., 455 F. Supp. 2d 569, 574–75 (E.D. Tex. 2006) (summarizing this split and collecting cases on both sides). The court concludes that waiver is limited to the particular asserted defense for three reasons.

First, Fort James supports plaintiff's position that redactions and production on only some defenses, even within the same document, is permissible. Fort James provides that withholding or redaction of material on defenses besides the one relied upon is permissible, even in the same document. See id. at 1350. Indeed, Fort James even chided a party for failing to make such redactions and therefore unwittingly waiving more than it intended. See id. EchoStar cites Fort James

3

repeatedly, including to support the statement that a waiver of privilege under an advice defense waives privilege over all other communications on the same subject matter. See EchoStar, 448 F.3d at 1299.

Second, each party cites numerous district court cases supporting its position. (See Defs' Br. (DE 350) 7–9; Pls' Br. (DE 359) 5–7). The court acknowledges that a split among district courts exists, as catalogued at length in Dealix Corp., 455 F. Supp. 2d at 574–75. Because both sides muster authority to support their positions, the court considers such authority in equipoise, and breaks the deadlock by agreeing with courts from within the Fourth Circuit, which favor plaintiffs' position.

For example, AKEVA LLC v. Mizuno Corp., 243 F. Supp. 2d 418 (M.D.N.C. 2003) held that "[s]ubject matter waiver does not mean all opinions as to all possible defenses, but does mean all opinions of the specific issue of advice asserted as a defense . . . be it infringement, validity, enforcement, or a combination." Id. at 422 (emphases added). Mizuno predated EchoStar, but the EchoStar court cited to Mizuno for its statement that an advice defense waives all communications relating to the asserted subject matter. See EchoStar, 448 F.3d at 1299.

Krausz Indus. Ltd. v. Smith-Blair, Inc., No. 5:12-CV-570-FL, 2016 WL 10538004, at *8 (E.D.N.C. Dec. 13, 2016) is similar. There this court declined to broaden a waiver on one issue to cover defenses the defendant had not raised. See id. Defendants' attempt to distinguish Smith-Blair is unpersuasive. Defendants point out that in Smith-Blair, the advice contained only "passing reference" to other issues, rather than "any substantive advice"; but the very next sentence in that opinion is the critical overlap between this case and Smith-Blair: "[defendant] is not relying on any advice it received . . . on these [other] topics to rebut [plaintiff's] willful infringement claim." Id. The same is true here. Plaintiffs rely on an advice defense only on the issue of invalidity, not on infringement. Smith-Blair therefore supports plaintiffs, contrary to defendants' contentions.

4

Third, the court turns to the circumstances of the requested disclosure and prejudice respectively accruing to the parties. These considerations favor plaintiffs. As plaintiffs point out, Local Patent Rule 303.8(b) requires a party asserting an advice defense to produce a copy of all written opinions "to be relied on" to support that defense. If a portion of an opinion document addresses only the defense that an alleged infringer intends to assert, but the larger document mentions other issues, defendants' position would wipe out privilege over a slew of subjects unrelated to the issues the parties presented. This is at odds with EchoStar's admonition that an advice defense waiver does not give the other party "unfettered discretion to rummage through all of [the asserting party's] files and pillage all of their litigation strategies." EchoStar, 448 F.3d at 1303.

Further, these circumstances present no danger of plaintiffs using privilege as both a sword and a shield. Because under Local Patent Rule 303.8 plaintiffs currently may assert their advice defense only on the basis of invalidity, other issues in the opinion simply are not relevant to that defense. In contrast, defendants' position would, again, result in "pillag[ing]" of plaintiffs' privilege and files. Id.

At bottom, defendants' position attempts to obtain a waiver of privilege over issues not present in this case, which are part of defenses that plaintiffs did not (and, under the Local Patent Rules and plaintiffs' disclosures, currently cannot) raise. As was the case in Smith-Blair, this waiver would "result in substantial interference with [plaintiffs'] attorney-client relationship while providing minimal additional assurances that [plaintiffs] could not inappropriately invoke the privileges to shield unfavorable . . . communications." Smith-Blair, 2016 WL 10538004, at *8. Thus, after considering authority and the Fort James factors, the court declines to extend plaintiffs' waiver beyond the issue of invalidity.

2. Temporal Waiver

Defendants next argue that plaintiffs must produce documents within the topical scope of the waiver during the entire period during which plaintiffs manufactured, sold, or offered to sell the accused product, including after this litigation began. (Defs' Br. (DE 350) 11). However, plaintiffs represent that if the court keeps the subject matter waiver in place as is, which the court in fact does, then it has already produced all relevant communications from all time periods within that topical scope. (See Pls' Br. (DE 359) 8). The court rejects defendants' motion as it is premised on an attempted expansion of temporal waiver because, with the topical waiver undisturbed, there remains nothing else for plaintiffs to produce.

3. Communications Involving Trial Counsel

Defendants argue that plaintiffs' waiver must encompass communications between opinion counsel and former trial counsel, and between former trial counsel and plaintiffs, that relate to the subject of the waiver, on two grounds: 1) opinion and former trial counsel work for the same firm; and 2) opinion counsel remained impermissibly active in this litigation, meriting such disclosures. The court disagrees.

The opinion underlying plaintiffs' advice defense was prepared by Edward Roney ("Roney") and Robert Goozner ("Goozner"). (Defs' Br. (DE 350) 12; Pls' Br. (DE 359) 9 n.2). Roney worked for the same firm ("Smith Anderson") as plaintiffs' former trial counsel, Morris. The parties' briefing does not reflect whether or when Goozner worked at Smith Anderson, and Roney left the firm in "early January 2021." (See Pls' Br. (DE 359) 9 n.2).

Generally, an advice defense waiver will not waive privilege over communications with trial counsel, absent "chicanery." Seagate, 497 F.3d at 1374–75. Seagate offered no detail on behavior that might constitute "chicanery," but its admonition that courts should extend waiver only "in unique

6

circumstances," and the ordinary meaning of the word "chicanery," convince the court that "chicanery" is bad faith, deceptive, or gamesman-like conduct. See Seagate, 497 F.3d at 1374–75; Chicanery, Black's Law Dictionary (11th ed. 2019) ("use of clever plans or actions to deceive people; trickery; deception"); see also Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. 1:05-cv-01411, 2009 WL 3381052, at *14–15 (E.D. Cal. Oct. 15, 2009) (concluding that gamesman-like shuffling of labels among counsel constituted chicanery under Seagate).

First, the court disagrees with defendants that under these circumstances, opinion counsel was impermissibly active in this litigation. Plaintiffs' privilege and redaction logs contain numerous entries reflecting, in defendants' view, opinion counsel's involvement in litigation decisions about filing suit, and about substantive litigation matters after this action began. (See Defs' Br. (DE 350) Ex. D (DE 351-1) 10, 56–57, 67–69, 71–72, 85, 108, 111–13).

This court confronted a similar dispute in Smith-Blair. There, the court concluded that opinion counsel had taken an active role in litigation, meriting extension of waiver to cover trial counsel. See Smith-Blair, 2016 WL 10538004, at *10. However, the court distinguished the circumstances before it from those in Alloc, Inc. v. Pergo, LLC, No. 00-C-0999, 2010 WL 3808977 (E.D. Wis. Sept. 23, 2010), where the court did not extend waiver, on grounds that in Alloc, opinion counsel had remained involved in litigation only "briefly," for six months after the filing of the complaint. See Smith-Blair, 2016 WL 10538004, at *10.

Here, defendants point to numerous entries on plaintiffs' redaction and privilege logs that they argue demonstrate Roney's continued involvement in this litigation. However, all of these entries reflect activity that occurred before or within a few months of the filing of plaintiffs' complaint, or which do not squarely relate to this case, such as tangentially related proceedings before the Patent and Trademark Office, or on which Roney was only a carbon copy, not an author or recipient. (See

7

Defs' Br. (DE 350) Ex. D (DE 351-1) at 10, 21, 39–41, 56–57, 59–60, 67–69, 71–72, 79–80, 85, 87, 108–13; Defs' Br. (DE 350) Ex. E (DE 351-2) at 3–10, 17–20, 22–24, 30, 33). The court cannot conclude that Roney was actively involved in this litigation beyond the span which Alloc and Smith-Blair deemed permissible. Thus, he did not "blur[] the lines between . . . objective advisor and partisan advocate." Smith-Blair, 2016 WL 10538004, at *10. Finally, that Roney left Smith Anderson in "early January 2021," and that the record does not reflect whether Goozner ever worked for that firm, further weaken an inference of improper active involvement. (Pls' Br. (DE 359) 9 n.2). Accordingly, communications between Morris and Roney are not subject to the waiver here.

Next, defendants request communications between Morris and plaintiffs. Defendants' argument appears to be that, because Morris is tainted by Roney having remained involved in this litigation, such taint expands waiver to Morris's other communications, including with plaintiffs. However, the court has concluded above that Roney did not remain actively engaged in this litigation for an impermissible length of time. Such resulting expansion of waiver therefore necessarily could not have transferred over to Morris's other communications. See also Wash World, Inc. v. Belanger Inc., No. 19-C-1562, 2020 WL 7321160, at *3–4 (E.D. Wis. Dec. 11, 2020) (rejecting expansion of waiver even though opinion and trial counsel were from same firm). The court thus concludes that plaintiffs have not engaged in "chicanery" which would merit waiver of trial counsel communications. Seagate, 497 F.3d at 1374–75.

The court therefore determines that this portion of defendants' motion should also be denied.

8

Case 5:20-cv-00142-FL-RN   Document 421   Filed 04/24/24   Page 8 of 9

## CONCLUSION

For the forgoing reasons, defendants' motion to compel (DE 349) is DENIED.

SO ORDERED, this the 24th day of April, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge