IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-142-FL

| | |
|---|---|
| DYNATEMP INTERNATIONAL, INC.; FLUOROFUSION SPECIALTY CHEMICALS, INC.; HAROLD B. KIVLAN, IV; WILLIAM GRESHAM; and DAVID COUCHOT, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )           ORDER |
| v. | )<br>) |
| R421A, LLC; RMS OF GEORGIA, LLC, d/b/a Choice Refrigerants; KENNETH M. PONDER; and LENZ SALES & DISTRIBUTING, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court on defendants' (collectively, "RMS") motion for reconsideration of the court's April 24, 2024, order on RMS's motion to compel (DE 421, hereinafter the "421 Order"), and alternative request for certification for interlocutory appeal. (DE 428). The motion has been briefed fully and the issues raised are ripe for ruling. For the following reasons, the motion is granted in its alternative part.

## BACKGROUND

The court assumes familiarity with the factual and procedural background of this case, and incorporates by reference its discussion of the same presented in the 421 Order. As relevant here, the court held in the 421 Order that a waiver of attorney-client privilege by plaintiffs (collectively, "Dynatemp") over certain communications pertaining to patent invalidity does not require disclosure of communications pertaining to infringement, or of communications between opinion counsel, trial

counsel, and Dynatemp. RMS filed the instant motion for the reconsideration of that order, or in the alternative for certification of the order for interlocutory appeal to the United States Court of Appeals for the Federal Circuit. Dynatemp responded in opposition to the instant motion, relying upon a May 24, 2024, subpoena. RMS replied, relying upon correspondence between various counsel for both parties and non-parties to this case.

On March 27, 2024, the court reconsidered its claim construction in this case. Following that order and the 421 Order, "Dynatemp has stipulated to infringement under the current claim construction, if the patents are found valid and enforceable," leaving "Dynatemp's patent defenses consist[ing] of invalidity and unenforceability (including inequitable conduct)." (Dynatemp Mem. (DE 433) at 2).

## COURT'S DISCUSSION

A.   Standard of Review

   1.   Reconsideration

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).[1] Resolution of a motion to reconsider is "committed to the discretion of the district court," bearing in mind that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Id.

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

2. Certification

A United States Court of Appeals may "in its discretion, permit an appeal to be taken" from an interlocutory order, if the district court certifies the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Three criteria thus must be met for a district court to certify an order for interlocutory appeal: 1) the order involves a controlling question of law, 2) as to which there is substantial ground for difference of opinion, 3) and immediate appeal may materially advance the ultimate termination of the litigation. Nystrom v. TREX Co., Inc., 339 F.3d 1347, 1350–51 (Fed. Cir. 2003).[2]

B. Analysis

1. Reconsideration

The court first concludes that reconsideration under Rule 54 is not warranted.

RMS advances no intervening change in law or new evidence-based arguments, and so relies only upon the clear and manifest error of law prong under Rule 54. (See RMS Br. (DE 429) 11).

RMS's arguments in effect, ask the court "to rethink what [it has] already thought through – rightly or wrongly," which is not a proper basis for reconsideration. See, e.g., In re Yankah, 514 B.R. 159, 165 (E.D. Va. 2014); Wiseman v. First Citizens Bank & Tr. Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). The court declines RMS's invitation for several reasons. First, the court adheres to its prior analysis of the interaction between the two Federal Circuit cases that addressed the relevant standard for waiver under these circumstances, and its decision to side with the disjunctive waiver side of the

---

[2] Federal Circuit precedent governs the certification issues addressed in this order, because certification for interlocutory appeal is a question involving that court's jurisdiction. See Nystrom, 339 F.3d at 1350. The court nonetheless continues to cite cases from other courts as persuasive authority insofar as such authority does not clash with Federal Circuit precedent.

3

resulting district court split. RMS relies upon a longer strong citation of cases that took a different view. (RMS Br. 9–11). This is not a proper basis for reconsideration.

The court further declines to depart from its reading of Fort James Corp. v. Solo Cup Co., 412 F.3d 1340 (Fed. Cir. 2005), on the basis of document titles as RMS suggests. The court also disagrees with RMS's suggestion that the Fourth Circuit district court cases the court relied upon are no longer good law. If this is indeed the case, the Federal Circuit can provide this direction, as noted below. Finally, the court disagrees with RMS that the 421 Order permits Dynatemp to selectively invoke privilege, which is demonstrated by Dynatemp's stipulation to factual infringement.

In sum, the court adheres to the analysis presented in the 421 Order, and denies the motion insofar as it seeks reconsideration.

2. Certification

a. Controlling Question of Law

A controlling question of law presents a "pure question of law," "an abstract legal issue that the [reviewing court] can decide quickly and cleanly" without having to engage with the record beyond the surface. United States ex rel. Michaels v. Agape Senior Community, Inc., 848 F.3d 330, 340–41 (4th Cir. 2017). Such issue need not be case-dispositive, so long as it will have serious impact on the conduct of the litigation, either practically or legally. Regents of Univ. of Cal. v. Dako N. Am., Inc., 477 F.3d 1335, 1336 (Fed. Cir. 2007) (permitting interlocutory appeal of non-dispositive claim construction); Adams v. S. Produce Distribs., Inc., No. 7:20-cv-53-FL, 2021 WL 394842, at 3 (E.D.N.C. Feb. 4, 2021); see also, e.g., In re Baker & Getty Fin. Servs., Inc., 954 F.2d 1169, 1172 (6th Cir. 1992); Johnson v. Burken, 930 F.2d 1202, 1205–06 (7th Cir. 1991); Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

4

3930 (3d ed. 2024). Finally, no categorical bar against immediate appeal of privilege questions exists. See Mohawk Indus. v. Carpenter, 558 U.S. 100, 111 (2009).

The 421 Order meets this first requirement for certification because it turns on a pure question of law, namely what is the proper standard for waiver of attorney-client privilege announced in two Federal Circuit cases, not on how to apply standard to the facts of this case. This question of the proper standard poses a potentially serious impact upon this case, as it is crucial for the determination of Dynatemp's willful infringement defense, because such waiver may encompass all three willful infringement defenses or, as the court concluded in the 421 Order, just the ones actually asserted by the allegedly infringing party. (421 Order 5). The possible dramatic widening of the scope of this vital discovery issue, or the confirmation on appeal of the 421 Order's more limited reasoning, may dramatically alter the merits and potential damages in this suit, and thus the remainder of discovery, the course of trial, and possible settlement negotiations.

Dynatemp advances three arguments regarding the first requirement for certification, which are unavailing. First, Dynatemp contends that an issue must be case-dispositive to satisfy this criterion. But such effect is not required as recounted above, including in the binding Federal Circuit case, Regents of Univ. of Cal., 477 F.3d at 1336.

Second, Dynatemp argues that certification would be improper because RMS seeks to pierce Dynatemp's privilege, not to defend its own privilege from an erroneous and irrevocable production order. The court agrees with Dynatemp that those circumstances would present an even stronger case for certification, but disagrees that only such defensive interlocutory appeals of privilege rulings are permitted. Dynatemp presents no authority for that proposition, and instead argues this point on grounds that ultimately ordering production would in fact lengthen this action by requiring increased discovery activity. The court again agrees in part, but such increased discovery obligations are

certainly less than the extraordinary waste of party and judicial resources that would ensue should remand and retrial become required as the result of an erroneous ruling here.

Third, Dynatemp opposes certification on grounds that following the court's most recent round of claim construction, it stipulated to factual infringement and now relies solely upon defenses of invalidity and enforceability. But this logic is circular: it assumes that the 421 Order will necessarily be affirmed on appeal, under which circumstances this stipulation would indeed have significant weight. But affirmance is not guaranteed, and if the Federal Circuit reverses the 421 Order, the stipulation may have little or no weight in the analysis, because such reversal would render factual infringement relevant again, at least to some degree, by holding Dynatemp's waiver to extend beyond its actually asserted defenses. For example, such discovery might be relevant to trial strategy or to damages.

The controlling question of law prong is satisfied.

      b.      Substantial Ground for Disagreement

Next, there is substantial ground for disagreement on this controlling question of law. The 421 Order recounted the wide fragmentation among district courts nationally on the proper approach for addressing the privilege issue presented. Numerous courts have concurred with the 421 Order's approach,[3] while many have disagreed,[4] all in the absence of further guidance from the Federal Circuit. Put simply, "interpreting the 'same subject matter' standard established by [In re] Echostar

---

[3] See, e.g., Autobytel, Inc. v. Dealix Corp., 455 F. Supp. 2d 569, 575 (E.D. Tex. 2006); AKEVA LLC v. Mizuno Corp., 243 F. Supp. 2d 418, 422 (M.D.N.C. 2003); Nitinol Med. Techs., Inc. v. AGA Med. Corp., 135 F. Supp. 2d 212, 217 (D. Mass. 2000); Krausz Indus. Ltd. v. Smith-Blair, Inc., No. 5:12-cv-570, 2016 WL 10538004, at *8 (E.D.N.C. Dec. 13, 2016).

[4] See, e.g., LifeNet, Inc. v. Musculoskeletal Transplant Found., Inc., 490 F. Supp. 2d 681, 686 (E.D. Va. 2007); Affinion Net Patents, Inc. v. Maritz, Inc., 440 F. Supp. 2d 354, 356 (D. Del. 2006); Intex Recreation Corp. v. Team Worldwide Corp., 439 F. Supp. 2d 46, 49 (D.D.C. 2006); Kimberly-Clark Corp. v. Tyco Healthcare Retail Grp., No. 05-C-985, 2007 WL 218721, at *2 (E.D. Wis. Jan. 26, 2007).

6

[Commc'ns Corp., 448 F.3d 1294 (Fed. Cir. 2006)] has proved difficult, and courts have come to varying conclusions." Zen Design Grp., Ltd. v. Scholastic, Inc., No. 16-12936, 2019 WL 4891206, at *3 (E.D. Mich. Mar. 26, 2019); see Genentech, Inc. v. Insmed Inc., 442 F. Supp. 2d 838, 846–48 (N.D. Cal. 2006) (summarizing three different approaches, rejecting them all, and applying a fourth). This widely divergent legal landscape demonstrates substantial ground for reasonable difference of opinion.

Dynatemp's arguments on this prong are unconvincing. Dynatemp argues that a mere lack of unanimity does not produce the needed degree of discord. (Dynatemp Br. 22). But the degree of disagreement here goes far beyond a mere lack of unanimity; district courts nationwide are fractured on the pertinent standard here some two decades after the last two Federal Circuit opinions to address it. Accordingly, this requirement for interlocutory appeal is satisfied.

   c.  Materially Advance Termination

Finally, interlocutory appeal would materially advance the ultimate termination of this litigation. Willful infringement is a, if not the, central issue in discovery in this case, and it carries heavy influence upon the parties' legal positions and settlement prospects. Moreover, if the court erred in its 421 Order, the ultimate disposition of this case would be served better by prompt correction by the Federal Circuit, rather than forging ahead into summary judgment and trial, involving an advice of counsel defense confined solely to invalidity and based upon improperly limited discovery, which may ultimately require remand and retrial at great cost in judicial and party resources. Conversely, if the 421 Order applied the correct standard, the parties will be able to approach future proceedings in this case, and settlement negotiations, on sound discovery footing. See Mun. Ass'n of S.C. v. Serv. Ins. Co., Inc., No. 3:08-03072, at *3 (D.S.C. Sept. 21, 2011); Jimenez-

Orozco v. Baker Roofing Co., No. 5:05-cv-34-FL, 2006 WL 8438693, at *7 (E.D.N.C. Mar. 28, 2006).

Dynatemp advances the same arguments on this third prong as it does for the first, which the court has already rejected above. Accordingly, the court rejects them again here for the same reasons. The final requirement for certification thus is met.

Finally, and unconnected to the three statutory requirements, Dynatemp argues that certification is improper because RMS demonstrates no "exceptional circumstances" in favor of immediate review. (Dynatemp Br. 20–21). But RMS bears this burden in convincing the Federal Circuit to accept the case, not in persuading this court to certify under § 1292(b). See Coopers & Lybrand v. Livesay, 437 U.S. 463, 474–75 (1978), superseded on other grounds by rule, Fed. R. Civ. P. 23(f), as recognized in Microsoft Corp. v. Baker, 582 U.S. 23, 30 (2017). Even if exceptional circumstances were required in this posture, the significant issues and possible advantages of permitting interlocutory appeal would counsel in favor of certification. This argument against certification thus is unpersuasive.

In sum, the statutory criteria for certification of the 421 Order for interlocutory appeal set forth in 28 U.S.C. § 1292(b) are satisfied.

>	d.	Exercise of Discretion

There are no fixed factors the court must consider in exercising its discretion under a § 1292(b) analysis. See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 46 (1995) (discussing whether issue is "pivotal and debatable" as guiding discretion, which overlap virtually entirely with statutory criteria). Thus, the court's discretion bolsters its conclusion that certification is proper here, for the reasons recounted above, especially avoiding waste of resources and time, and the degree of district court disagreement on the controlling question of law.

In the exercise of its discretion, the court concludes that certification of interlocutory appeal is appropriate.

3.  Discovery Schedule

The court recognizes that certification will substantially alter the parties' discovery activities. The current scheduling order at DE 407 provides that fact discovery will close the later of three months after this court's rulings on three specified motions or October 1, 2024. The remaining deadlines are set by reference to the triggering date, as follows:

| Event | Deadline |
| --- | --- |
| New and amended initial expert disclosures | 30 days after fact discovery |
| Responsive expert disclosures | 75 days after fact discovery |
| Rebuttal experts due | 120 days after fact discovery |
| Expert depositions start | 135 days after fact discovery |
| Supplementations due | 155 days after fact discovery |
| Expert discovery closes | 195 days after fact discovery |
| Dispositive motions due | 225 days after fact discovery |

The court therefore directs the parties to file a joint status report suggesting proposed alterations to this schedule, if any, to promote efficiencies in discovery and adjudication of this case going forward.

**CONCLUSION**

For the foregoing reasons, RMS's motion for reconsideration (DE 428) is GRANTED IN PART and DENIED IN PART. The motion is granted in alternative part seeking certification of interlocutory appeal of the 421 Order. The motion is otherwise denied. RMS shall file its appeal

9

application within the timeline established in 28 U.S.C. § 1292(b). The parties are DIRECTED to file, within 21 days of the date of this order, a joint status report suggesting proposed alterations to the case schedule, if any. If the parties agree on necessary changes, they may file a new proposed schedule in the form of a consent order.

    SO ORDERED, this the 6th day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

10

Case 5:20-cv-00142-FL   Document 445   Filed 08/06/24   Page 10 of 10