IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00142-FL

**Dynatemp International, Inc.,** et al.,

    Plaintiffs,

v.

**RMS of Georgia, LLC,** et al.,

    Defendants.

**Order**

    Before the court are several Motions to Seal. D.E. 436, 443, 447, 453, 461. The parties request that the court seal certain documents because they contain sensitive, confidential, and privileged information. The parties move jointly on one Motion to Seal, (D.E. 461), and there is no opposition to the other Motions. (D.E. 436, 443, 447, 453). The court will grant the motions.

    Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

    And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). The right of access arises from either the common law or the First Amendment. *Id.* at 575. Determining the source of the right is essential because "the common law 'does not afford as much substantive protection to the interests of the press and

the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). But no matter which standard applies, the public's right to access judicial documents "may be abrogated only in unusual circumstances." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Here the documents at issue were filed in connection with discovery-related motions. Thus, the public's right of access to these documents stems from the common law and not the First Amendment. *See Tom* v. *Hosp. Ventures, LLC*, 5:17-CV-00098, 2022 WL 1812280, at *2 (E.D.N.C. June 2, 2022); *Giri* v. *Integrated Lab'y Sys., Inc.*, No. 5:17-CV-00179, 2019 WL 489104, at *8 (E.D.N.C. Feb. 7, 2019); *Silicon Knights, Inc.* v. *Epic Games, Inc.*, No. 5:07-CV-00275, 2009 WL 10689668 (E.D.N.C. June 2, 2009).

Under the common law, there is a presumption for allowing the public to access judicial documents. *Rushford*, 846 F.2d at 253. A party can overcome that presumption if it can show that "countervailing interests heavily outweigh the public interests in access." *Id.* The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

After considering the motions to seal and the related filings, the court finds that it should grant the Motions to Seal because each of the factors set out in *In re Knight Publ'g Co.* is satisfied. The proposed sealed documents contain confidential and sensitive material on legal matters and business information. Included in these pleadings are descriptions of legal work performed, confidential financial information, and competitively sensitive price and business information.

Release of these materials is unlikely to bear on public matters but could harm the interests of the parties. Based on this showing, the court finds that the circumstances presented by these motions overcomes the common law presumption of access.

Additionally, although the public has had notice of the requests to seal and a reasonable opportunity to oppose the motions, no objections have been filed.

Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of the business, legal, and other sensitive information in the documents.

The court grants the Motions to Seal (D.E. 436, 443, 447, 453, 461). It orders as follows:

1. The Clerk shall maintain under seal D.E. 435 and 431–1 through 435–13.

2. The Clerk shall maintain under seal D.E. 441, 441–55, 441–56, 441–58. 441–59, and 441–60.

3. The Clerk shall maintain under seal D.E. 446.

4. The Clerk shall maintain under seal D.E. 450.

5. Within 10 day, the RMS Defendants shall file a publicly available version of D.E. 450 that leaves available for viewing pages 1–17 and redacts pages 18–20.

6. The Clerk shall maintain under seal D.E. 458, 458–1, and 458–2.

Dated: November 25, 2024

_Robert T Numbers II_
Robert T. Numbers, II
United States Magistrate Judge